Filed 10/15/13  P. v. Mohamed CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>MAKI MOHAMED,<br><br>        Defendant and Appellant. | D062868<br><br><br><br>(Super. Ct. No. SCD236801) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Affirmed.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Maki Mohamed was convicted following a jury trial of one count of assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1)).  The jury also found true allegations that Mohamed personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)), and that he used a deadly weapon in the commission of the offense (§ 1192.7, subd. (c)(23)).

Mohamed was sentenced to a determinate term of six years in prison.  Appellant filed a timely notice of appeal.

Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) raising a possible, but not arguable issue.  We offered Mohamed the opportunity to file his own brief on appeal, but Mohamed has not responded.

STATEMENT OF FACTS

On September 25, 2011, the 14-year-old victim, her twin sister and another girl were walking down University Avenue in San Diego.  As the girls walked by Mohamed, they heard him say "damn, nice ass," while looking at the back of one of the girls.

Mohamed's comment provoked an angry response from the girls, who threatened to call police.  Mohamed began walking or running away.  The victim and one of the girls followed Mohamed while the third girl remained behind to call police.

The girls aggressively pursued Mohamed for some distance, and ultimately blocked him from driving away.  Mohamed got out of the car and there was further

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

argument including repeated threats to call police. During that encounter, Mohamed hit the victim three times on her back and near her ear with a weapon. Mohamed fled from the scene and was arrested shortly thereafter by San Diego police officers.

The victim received injuries to her ear and head, which required plastic surgery and stitches.

Before trial the prosecution sought permission to impeach Mohamed with conduct involved in a recent incident of indecent exposure. After review the court ruled such impeachment would be permitted if Mohamed testified. Mohamed did not testify at trial.

## DISCUSSION

As we have previously noted, appellate counsel has filed a brief indicating she is unable to identify any argument for reversal and asks this court to review the record for error as mandated by *Wende*, *supra*, 25 Cal.3d 436. Pursuant to *Anders, supra*, 386 U.S. 738, the brief identifies a possible, but not arguable issue:

Whether the court erred in concluding the events involved in Mohamed's recent arrest for indecent exposure was admissible as impeachment evidence?

We have reviewed the entire record in accordance with *Wende, supra*, 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738, and have not found any reasonably arguable appellate issues. Competent counsel has represented Mohamed on this appeal.

3

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

NARES, J.

HALLER, J.

4